UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **CHRISTOPHER J. DUFFEK**, an individual,<br><br>Plaintiff, | Case No.8:17-CV-_____ |
| v. | |
| **CITY OF OMAHA,** a political subdivision of the State of Nebraska,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Christopher J. Duffek ("Officer Duffek") is a former officer employed by the Omaha Police Department ("OPD"). Officer Duffek began his employment with OPD on July 24, 2000.

2. In August 2015, Officer Duffek was charged with suspicion of domestic violence.

3. In November 2015, Officer Duffek was tried and acquitted.

4. Despite the acquittal, Omaha Police Chief Todd Schmaderer fired Officer Duffek.

5. OPD's treatment and termination of Officer Duffek violated federal and state laws prohibiting discrimination based on sex and national origin.

## PARTIES

6. Plaintiff Christopher Duffek is a Caucasian male, aged 43. He resides in Omaha, Nebraska.

7. The City of Omaha is a political subdivision of the State of Nebraska. OPD is a department of and administered by the City of Omaha.

## JURISDICTION & VENUE

8. This matter arises under federal and state law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on Officer Duffek's federal claims set forth in this Complaint. This Court has supplemental jurisdiction of the Nebraska state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this District pursuant to 28 U.S.C. §1381(b)(2), because the acts complained of here were orchestrated from, planned in and conducted in this District.

## FACTUAL BACKGROUND

10. Officer Duffek is a veteran of more than 10 years of service with the OPD. He was an excellent officer. On at least three (3) occasions Officer Duffek was nominated for an award as "Officer of the Year." He received several commendations and regularly received raises during his employment.

11. On August 7, 2015, Officer Duffek was at Dr. Jack's, relaxing with friends and playing keno. His girlfriend drove him home around 10:00 p.m., and then she returned to Dr. Jack's and the I Don't Care Bar. Officer Duffek, on the other hand, stayed home and went to sleep.

12. Early in the morning of August 8, Officer Duffek was awakened when officers arrived at his home and arrested him on suspicion of misdemeanor domestic assault. On November 23, 2015, Officer Duffek was tried and acquitted of the domestic violence charge.

13. Despite the acquittal, Chief Todd Schmaderer terminated Officer Duffek based on public intoxication and conduct unbecoming an officer.

14. OPD's decision to terminate Officer Duffek was inconsistent with prior incidents of reported incidents of public intoxication and altercations between officers. During 2014, two (2) OPD officers, Johnny Palermo and Amber Schlote, were engaged in a romantic relationship.

15. Both Schlote and Palermo had been in a local bar and Officer Schlote admitted she was intoxicated. In the parking lot outside OPD, the couple was engaged in a verbal and physical dispute.

16. Despite the public nature of their altercation and intoxication, neither Schlote nor Palmer was terminated.

17. On March 24, 2016, Officer Duffek dual filed his charge of discrimination and with the Nebraska Equal Opportunity Commission ("NEOC"), NEB 2-15/16-5-47706-RS, and the Equal Employment Opportunity Commission ("EEOC"), 32E-2016-00570. He received his right to sue letter shortly after April 4, 2017.

### CLAIM I

**OPD VIOLATED STATE & FEDERAL LAW
BY SUBJECTING SGT. CHRISTENSEN TO
DISCRIMINATORY TERMS & CONDITIONS OF EMPLOYMENT.**
(TITLE VII, 42 U.S.C. § 2000e-2 et seq.)
(NFEPA, Neb. Rev. Stat. § 48-1104)

18. Officer Duffek incorporates by reference paragraphs 1-17, as if fully set forth.

19. According to Title VII, it is unlawful for an employer –

   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's * * * sex, * * *;

   or

   (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's * * * sex * * *.

42 U.S.C. § 2000e-2 (1991).[1]

20. In this case, the City of Omaha, through the actions of OPD Chief Todd Schmaderer, violated Title VII when it subjected Officer Duffek to different conditions of employment than it applied to its female officers. Specifically, Amber Schlote was not terminated after she was involved in a public display of intoxication.

21. In addition, the City of Omaha failed to terminate Schlote after she was engaged in a public physical altercation with another officer, with whom she was romantically involved.

22. OPD has no legitimate reasons for subjecting Officer Duffek to harsher conditions, more stringent treatment, and additional requirements not imposed on its female officers.

WHEREFORE, Officer Duffek requests judgment against the City and an award damages.

## CLAIM II

### THE CITY OF OMAHA VIOLATED FEDERAL AND STATE LAW BY DISCRIMINATING AGAINST OFFICER DUFFEK BASED NATIONAL ORIGIN
Title VII of the Civil Rights Act
42 U.S.C. § 2000e-2
Nebraska Fair Employment Practices Act,
Neb. Rev. Stat. § 48-1104

23. Officer Duffek incorporates by reference paragraphs 1-29, inclusive, as if fully set forth.

24. According to Title VII of the Civil Rights Act of 1964,

---

[1] Section 48-1104 of the NFEPA mirrors the language of the Title VII, 42 U.S.C. § 2000e-3(a). *See* Neb. Rev. Stat. § 48-1104 (Reissue 1993).

> It shall be an unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … national origin;
>
> or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's … national origin.

42 U.S.C. § 2000e-2.

25. Similarly, Nebraska's Fair Employment Practices Act ("NFEPA") provides:

> It shall be an unlawful employment practice for an employer:
>
> (1) To fail or refuse to hire, to discharge, or to harass any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's … national origin.

26. The City of Omaha, through the OPD, subjected Officer Duffek to different terms and conditions of employments than it treats employees of Puerto-Rican descent. Instead, Officer Duffek was subjected to discriminatory treatment when OPD terminated Officer Duffek for public intoxication but it failed and refused to terminate Palermo when he seen in a public location, the OPD parking lot, after he spent time in a local drinking establishment. In addition, Palermo was seen engaging in a public altercation with another officer with whom he was engaged in a romantic relationship.

27. The City of Omaha, through OPD Chief of Police Todd Schmaderer, subjected Officer Duffek to harsher and more stringent terms and conditions of employment. Officer Duffek was suspended and terminated despite having been acquitted of domestic violence charges. Palermo was observed and known to have been drinking and publicly engaged in a dispute but was not terminated or subjected to trial in the same manner as Officer Duffek.

WHEREFORE, Mr. Zagata requests judgment ordering an award of damages pursuant to 42 U.S.C. § 2000e-2 and Neb. Rev. Stat. § 48-1119(4) based on OPPD's discriminatory terms and conditions of employment.

### REQUEST FOR RELIEF

Officer Duffek requests judgment in his favor and awarding the following:

1. Damages for Officer Duffek's lost and future wages based on his termination;

2. Damages for Officer Duffek's emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

3. Punitive damages for the Defendants' knowing violation of federal discrimination laws;

4. Costs and attorney fees; as allowed by law, and

5. Such other and further relief as the Court deems appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY.**

DATE: July 3, 2017.

By: s/ *Terry A. White*
Terry A. White, NE # 18282
**CARLSON & BURNETT LLP**
17525 Arbor Street
Omaha, NE 68130
Direct (402) 682-8006
Main (402) 934-5500
terry@carlsonburnett.com
*Attorney for Plaintiff*

6