# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER DUFFEK, | ) | CASE NO. 8: 17CV237 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| THE CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the Court on the Parties' Joint Motion for Protective Order (Filing No. 13) regarding certain files in the parties' possession. This motion is granted.

Accordingly,

**IT IS ORDERED** as follows:

1. The parties shall produce the Internal Investigative files, personnel files, medical records and other sensitive documents disclosed in the Initial Disclosures in this case. Those documents designated as protected material subject to this Order shall bear the following designation, or its equivalent: CONFIDENTIAL. No document containing the "CONFIDENTIAL" stamp shall be copied in whole or in part without the "confidential" designation appearing on the copy.

2. To the extent that the parties believe they have a right to redact information, it may redact such information, provided that if the redacting party redacts information from any confidential document and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example: social security number or date of birth).

3. This Protective Order shall extend to any photograph, video, recording, or other tangible thing contained within the parties' files. If produced electronically, the

CONFIDENTIAL stamp set forth above shall be placed upon the media storing the electronic documents (for example: a CD or DVD), if it is not practical to place the confidential stamp on each individual photograph, video, recording, or other tangible thing.

4. All copies of confidential material produced pursuant to this Order shall be made and kept by employees of counsel for the parties without disclosing the documents or their contents to any outside firm or person unless approved by counsel for the party producing the confidential material.. All copies shall be subject to the terms of this Protective Order to the same extent as the original documents. All copies of confidential material shall be kept separate from, and not commingled with, any other document or items. Each person receiving copies of the documents or any description or summary of their contents shall be subject to the terms of this Protective Order.

5. Except upon further order of the Court or with written consent of counsel for the producing party, no item produced nor any description or summary of the contents of the documents may be revealed to any person or entity except: (i) counsel for parties in this action and those supporting personnel employed by counsel on a regular basis who are assisting counsel in this action; (ii) the parties in the action; (iii) any witness who is expected to testify at trial or a hearing; and (iv) the Court.

6. No public disclosure of the documents or their contents may be made at a hearing or trial or in a motion to the Court without the disclosing party first notifying opposing counsel of the intended disclosure and providing an opportunity for objection. If objection to the intended disclosure is made, no disclosure may occur without this Court's order approving such disclosure.

7. Documents designated as CONFIDENTIAL and their contents shall be used only for purposes of preparing and presenting this case. At the conclusion of this case, including any appeal, the documents and all copies shall be returned to Defendant's counsel or written certification that all documents have been destroyed, unless otherwise ordered by the Court. This Protective Order shall not terminate upon the conclusion of this action, but shall continue until the further order of the Court or until the City of Omaha waives the restrictions in writing.

8. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

9. This Protective Order may be modified by further written stipulation signed by signatories and/or by further order of this Court upon application to the Court with notice.

10. The Court may impose sanctions with respect to any party or any party's attorney or any other person or entity improperly disclosing the documents or their contents contrary to this Protective Order. Any person or entity subject to this Protective Order, whether or not a party, that violates this Protective Order may be punished for contempt of Court.

DATED this 14th day of March, 2018.

BY THE COURT

s/ Susan M. Bazis
United States Magistrate Judge