IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER J. DUFFEK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, a political subdivision of the State of Nebraska;<br><br>Defendant. | 8:17CV237<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment, ECF No. 24, filed by the City of Omaha. For the reasons stated below, the Motion will be granted.

## BACKGROUND

Plaintiff Christopher J. Duffek brought this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2, and the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. § 48-1104, claiming the City of Omaha (City) discriminated against him on the basis of sex and national origin by terminating his employment but not that of two other Omaha Police Department (OPD) employees. Compl., ECF No. 1. The City moved for summary judgment arguing the evidence does not sufficiently support Duffek's disparate-treatment discrimination claims.

Unless otherwise indicated, the following facts are those stated in the parties' briefs, supported by pinpoint citations to admissible evidence in the record, in compliance with NECivR 56.1[1] and Federal Rule of Civil Procedure 56.

---

[1] *See* NECivR 56.1(b)(1):

On October 27, 2015, the City's Chief of Police, Todd Schmaderer, recommended that Duffek's employment as an OPD officer be terminated, following an internal investigation into allegations that Duffek assaulted his domestic partner on August 8, 2015. Termination Letter, ECF No. 26-1. Effective that same day, Schmaderer suspended Duffek with pay "pending the outcome of [his] pre-termination hearing." *Id.* at Page ID 83. Although the identity of the ultimate decision-maker it is not clear, the City terminated Duffek's employment at some point thereafter. Duffek and Schmaderer are both men.

The Internal Affairs investigation leading to Duffek's termination revealed that Duffek and his live-in girlfriend visited multiple bars on August 8, 2015; she accused him of physically assaulting her; and the accusation was recorded in a police report. She later recanted her accusations, and, in November 2015, Duffek was tried for domestic assault and acquitted. Based on Internal Affairs' findings, Schmaderer concluded that Duffek should be terminated for the following reasons: (1) conduct unbecoming of an officer, (2) intoxication, (3) criminal law violations by police department personnel, (4) failure to cooperate with police personnel, (5) violation of firearms policy, and (6) actions that reflect discredit upon the service. Schmaderer Aff., ECF No. 26-1, Page ID 74. Schmaderer also cited Duffek's 20-day suspension in 2012 for a physical altercation with other off-

---

The party opposing a summary judgment motion must include in its brief a concise response to the moving party's statement of material facts. Each material fact in the response must be set forth in a separate numbered paragraph, must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies, and, if applicable, must state the number of the paragraph in the movant's statement of material facts that is disputed. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>

duty OPD officers and a previous girlfriend. That incident occurred at a local bar where Duffek had been consuming alcohol. Suspension Letter, ECF No. 26-1, Page ID 85-88.

Duffek refers to additional facts involving other OPD employees, in support of his claims of disparate treatment. On March 17, 2014, an individual observed an altercation between two off-duty OPD officers, Johnny Palermo and Amber Schlote. The witness saw Palermo attempting to force Schlote into the back seat of a vehicle and believed the situation to be an instance of domestic violence. Schmaderer approved an Internal Affairs investigation into the incident, and the OPD Domestic Violence Unit conducted a separate criminal investigation. No criminal charges were brought against Palermo or Schlote. Based on those investigations, Schmaderer concluded that no domestic violence occurred between Palermo and Schlote, and that "the evidence showed Officer Palermo was attempting to assist another officer, who was intoxicated . . . ." Schmaderer Aff., ECF No. 26-1, Page ID 74. Palermo was not intoxicated at the time of the incident. As such, Schmaderer decided not to recommend any discipline for Palermo and to recommend Schlote receive a 3-day suspension for intoxication and conduct unbecoming of an officer. Neither Palermo nor Schlote had any prior discipline. Palermo is a Puerto Rican man, and Schlote is a woman.

**STANDARD OF REVIEW**

Duffek incorrectly asserts that "Courts 'must be particularly deferential to the party opposing summary judgment' when liability depends on inferences rather than direct evidence." Pl.'s Br., ECF No. 30, Page ID 124 (quoting *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999), *abrogated by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In *Torgerson*, the Eighth Circuit stated that the

3

"particularly deferential" standard of review that Duffek advocates for is "unauthorized and should not be followed." 643 F.3d at 1043 (citing *Bell* with disapproval).

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson*, 643 F.3d at 1043). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

Under Title VII and the NFEPA, it is unlawful for an employer to discharge an employee because of the employee's sex or national origin. 42 U.S.C. § 2000e-2(a); Neb. Rev. Stat. § 48-1104(1). Because Duffek's claims under Title VII mirror his claims under the NFEPA, the Court will apply the analysis for Title VII discrimination claims to

5

his claims under the NFEPA. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 500 (8th Cir. 2019) (quoting *Edwards v. Hiland Roberts Dairy Co.*, 860 F.3d 1121, 1124 n.3 (8th Cir. 2017) ("We analyze discrimination claims under the NFEPA by applying the same analysis for discrimination claims under Title VII.")); *Knapp v. Ruser*, 901 N.W.2d 31, 43 (Neb. 2017) (stating "the NFEPA is patterned after federal Title VII," and Nebraska courts "look to federal court decisions construing Title VII for guidance with respect to the NFEPA.").

"To survive a motion for summary judgment with a Title VII claim, a plaintiff must show either direct evidence of a Title VII violation or create an inference of discrimination or retaliation under the *McDonnell Douglas*[2] burden-shifting framework." *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 887 (8th Cir. 2015).

"Direct evidence of discrimination requires 'a specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the employer's decision.'" *Id.* (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 735 (8th Cir. 2003)) (alteration in original). "'[D]irect refers to the causal strength of the proof, not whether it is 'circumstantial' evidence." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012).

Absent direct evidence, "the *McDonnell Douglas* framework applies, which requires a plaintiff to make a prima facie case of discrimination . . . ." *Shirrell*, 793 F.3d at 887. If the plaintiff establishes a prima facie case, "a presumption of discrimination arises

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

and the burden shifts to [the defendant] to present evidence of a 'legitimate, nondiscriminatory reason for' its adverse employment action." *Banks v. Deere*, 829 F.3d 661, 666 (8th Cir. 2016) (quoting *McDonnell Douglas*, 411 U.S. at 802). "If [the defendant] meets that burden, the presumption disappears and [the plaintiff] must prove [the defendant's] proffered justification is merely a pretext for discrimination." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015).

Because there is no direct evidence of discrimination, Duffek must establish a prima facie case. "A prima facie case of discrimination requires that the plaintiff '(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination.'" *Id.* (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)). In reverse discrimination cases, such as this one, the plaintiff must establish that "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Id.* (quoting *Hammer v. Ashcroft*, 383 F.3d 722, 724 (8th Cir. 2004)); *McGinnins v. Union Pac. R.R.*, 496 F.3d 868, 875 (8th Cir. 2007)).

The City argues summary judgment is appropriate because the evidence includes no background circumstances that suggest the City is the unusual employer that discriminates against the majority, nor does the evidence support an inference of discrimination on the basis of sex or national origin.[3] The Court agrees.

---

[3] Although the City also argues that Duffek failed to establish a prima facie case of race discrimination, Duffek's Complaint and brief make no allegation of discrimination on that basis. Nor does the evidence support a claim of discrimination on that basis.

## I. Inference of Discrimination Based on Disparate Treatment

Duffek cannot survive summary judgment by demonstrating the City made an unfair employment decision. *Schaffhauser*, 794 F.3d at 903 ("The question is not whether [the employer] made a good decision, or even a fair one. The question is whether it took an adverse employment action based on discriminatory animus."). "To create an inference of discrimination based upon disparate treatment, the plaintiff must show she was treated differently than similarly situated persons who are not members of the protected class." *Faulkner v. Douglas Cty.*, 906 F.3d 728, 732 (8th Cir. 2018) (citing *Bennett v. Nucor Corp.*, 656 F.3d 802, 819 (8th Cir. 2011)). The other employees must "be similarly situated in all relevant respects before the plaintiff can introduce evidence comparing herself to the other employees." *Bennet*, 656 F.3d at 819.

To establish an inference of sex and national origin discrimination, Duffek relies on the fact that Palermo—a Puerto Rican man—and Schlote—a woman—were not terminated for their March 17, 2014, incident while Duffek was terminated for his August 8, 2015, incident. Palermo and Schlote are not useful comparators, however, because they were not similarly situated to Duffek. There is no dispute that the former Chief of Police, Alexis Hayes, suspended Duffek in 2012 for his involvement in a physical altercation with other off-duty officers, and a girlfriend, at a bar where he had consumed alcohol to the point of intoxication. Suspension Letter, ECF No. 26-1, Page ID 85-88. Neither Palermo nor Schlote had a record of discipline for any misconduct before the March 17, 2014, incident, let alone misconduct similar to that which led to Duffek's 2012 suspension; and Schmaderer cited Duffek's 2012 suspension as one of the bases for the

decision to recommend termination. Therefore, Duffek cannot establish an inference of sex or national origin discrimination by comparing himself to Palermo or Schlote.

## II. Reverse Discrimination

Duffek did not address the reverse-discrimination aspect of his prima-facie burden in his opposition brief, and the record contains no evidence of background circumstances which raise the suspicion that OPD or the City discriminates against men or individuals of Duffek's national origin in its employment decisions. Presumably, Duffek's national origin is the United States, but he did not allege or otherwise present any evidence or statement of his national origin. Further, Schlote was treated more harshly than Palermo for their March 17, 2014, incident, which is a circumstance that undercuts Duffek's allegation that the City discriminates against men in its employment decisions.

Accordingly, Duffek failed to establish a prima facie case of discrimination on the basis of sex or national origin.

IT IS ORDERED:

1. The Motion for Summary Judgment, ECF No. 24, filed by the City of Omaha, is granted;
2. This action is dismissed, with prejudice; and
3. A separate judgment will be entered.

Dated this 7th day of May 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge